**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

LARRY L. LONDON, #292386,

        Petitioner,

v.                                                ACTION NO.
                                                2:04cv746

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254.  The

matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of

28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for

the Eastern District of Virginia.

**I. STATEMENT OF THE CASE**

**A. Background**

Petitioner Larry L. London ("London") was convicted in Danville Circuit Court on March

21, 2001, of first degree murder.  He was sentenced to serve life in prison.

London's direct appeal of his convictions to the Virginia Court of Appeals was denied on

September 28, 2001, and his petition for rehearing was denied on December 20, 2001.  The Virginia

Supreme Court refused London's petition for appeal on April 29, 2002.  London then filed a habeas

petition in Danville Circuit Court on April 3, 2003, which was denied on September 4, 2003.  His appeal of that decision to the Virginia Supreme Court was dismissed on January 20, 2004, for failure to timely appeal under Virginia Supreme Court Rule 5:17(a)(1).  London's petition to the Virginia Supreme Court for rehearing was denied on March 16, 2004.

London, presently in the custody of the Virginia Department of Corrections at the Sussex I State Prison in Waverly, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") on December 13, 2004.  On February 18, 2005, respondent filed a Rule 5 Answer and Motion to Dismiss. London filed a response to the Motion to Dismiss on March 11, 2005.

## B. Grounds Alleged

London asserts the following entitle him to relief under 28 U.S.C. § 2254:

(a)     that he was denied effective assistance of counsel due to his counsel's failure to call witnesses to testify on his behalf;

(b)     he was denied due process and fair trial rights by the Commonwealth's failure to disclose agreements made for testimony;

(c)     he was denied due process and fair trial rights when the trial court denied his motion to strike a potential juror for cause;

(d)     he was denied due process and fair trial rights when the trial court allowed opinion testimony from a prosecution witness that London did not appear to be upset by the victim's death, and that the victim was warned that something bad would happen to her if she stayed with London; and,

(e)     he was denied due process and a fair trial because he is actually innocent of the crime for which he was convicted.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

London's action here is barred by the statute of limitations.  The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .

28 U.S.C. § 2244(d)(1)(A).

The Virginia Supreme Court denied London's direct appeal on April 29, 2002.  For a prisoner like London, who does not file a Petition for Writ of Certiorari in the United States Supreme Court, the statute of limitations begins to run when the time for seeking certiorari expires (ninety days after the highest state court rules).  See Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir 2000).  Therefore, London's one-year statutory period for filing a federal habeas petition began running on July 29, 2002.

Under 28 U.S.C. § 2244(d)(2) the statute of limitations clock is paused during the time that a petition for state collateral review is pending.  Section 2244(d)(2) provides:

> the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute of limitations is tolled for the whole duration of state collateral review, from the time the initial application is filed until the final ruling is made, including any gaps in between.  See Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999), cert. denied, 508 U.S. 1197 (2000).  However, while 28

U.S.C. § 2244(d)(2) pauses the clock during a pending state collateral review it does not reset the clock. See Harris, 209 F.3d at 327.

London signed a habeas petition on March 27, 2003, which was filed in the Danville Circuit Court, pausing the clock after eight months had expired.[1]  The petition was  denied on September 4, 2003.  London then filed a habeas petition with the Virginia Supreme Court on January 5, 2004, which was denied as untimely on January 20, 2004.  Because the petition was not timely filed, it was not "properly filed" as that term has been defined by the Supreme Court.

> [A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, *the time limits upon its delivery*, the court and office in which it must be lodged, and the requisite filing fee.

Artuz v. Bennett, 531 U.S. 4 (2000) (emphasis added).  As a result, London's habeas petition to the Virginia Supreme Court did not toll the statute of limitations.

On September 4, 2003, the date London's original habeas petition was denied by the Danville Circuit Court,  the clock began to run again on the four months remaining in London's statutory time period.  London had until approximately January 6, 2004, to file his habeas petition in this court. London's counsel did not file the Petition until December 13, 2004,  more than eleven months after

---

[1]	The prison mailbox rule established in Houston v. Lack, 487 U.S. 266 (1988), has not explicitly been extended to applications for collateral review.  The Fourth Circuit Court of Appeals has reserved that question.  See United States v. Torres, 211 F.3d 836, 837 n.3 (4th Cir. 2000).  However, the rationale behind the holding in Houston, that prisoners "file" an appeal when they deliver it to prison officials for mailing because a pro se prisoner has no choice but to entrust the forwarding of his documents to prison authorities whom he cannot control and who may have incentive to delay, is an appropriate consideration in petitions for collateral review. For purposes of establishing a filing date for this petition, the court DEEMS the petition to have been filed on March 27, 2003.

the statute of limitations deadline.[2]

A.    *Equitable Tolling Due to Mental Illness*

London argues the statute of limitations should be equitably tolled due to mental illness caused by severe head trauma.  Equitable tolling of the statute of limitations is possible under 28 U.S.C. § 2244(d), but "must be reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).  The Fourth Circuit has held "equitable tolling because of a petitioner's mental condition [applies] only in cases of profound mental incapacity."  United States v. Sosa, 364 F.3d 507 (4th Cir. 2004).

London has attached medical documents to his Petition which encompass a time frame from 1988 to 2001.  None of the medical documents address the time period during which London could have timely filed his federal habeas petition, approximately July 29, 2002, to January 6, 2004.

Further, following a review of the documents, it is clear London's is not a case of "profound mental incapacity."  London experienced a blunt head trauma in 1988.  See Ex. 1 to Petition. However, his discharge summary reveals his mental status was "normal."  On September 29, 1988, London was seen by Dr. Erasmo due to seizures.  See Ex. 2 to Petition.  The doctor's notes indicate London's primary complaints were headaches and difficulty with speech.  An examination revealed London understood well and could hear well.  In May of 1996, Victor Owusu-Yaw, M.D., wrote a

---

[2]       Even if the statute of limitations had been tolled for the entire time London's state habeas petitions were pending – from the time he filed his Circuit Court petition on March 27, 2003, until his petition for rehearing in the Virginia Supreme Court was denied on March 16, 2004 – his federal petition would still have been filed five months after the statute of limitations deadline.

letter stating that London had been treated in his office since 1988 for seizures, headaches and depression.  See Ex. 3 to Petition.  The doctor noted London experienced intermittent language and memory difficulties, and advised London to appoint a Power of Attorney to make decisions regarding his finances and other needs.  Doctor Owusu-Yaw wrote a second letter dated January 15, 2001.  See Ex. 5 to Petition.  He reports that London experiences speech, language, and memory impairment, has been variably compliant with medication, and has not had any seizures in several years.  These medical records fall far short of proving London failed to file his federal habeas petition from July 29, 2002, to January 6, 2004, due to a profound mental incapacity, and are insufficient to toll the statute of limitations.

B.      *Equitable Tolling Due to Actual Innocence*

Next, London argues the statute of limitations should be tolled because he is actually innocent.  Under 28 U.S.C. § 2244(d)(1), the statutory period of limitations can be tolled back to "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  See 28 U.S.C. § 2244(d)(1)(D).  "[A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  Spencer v. Murray, 5 F.3d 758, 765 (4th Cir. 1993) (citing Herrera v. Collins, 506 U.S. 390 (1993)), cert. denied, 510 U.S. 1171 (1994).  In order to establish actual innocence sufficient to excuse procedural default, a petitioner must show "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. U.S., 523 U.S. 614, 623 (1998) (citing Schlup v. Delo, 513 U.S. 298, 327-328 (1995)).  Consequently, a petitioner is required to provide some new evidence, which was previously unavailable despite petitioner's exercise of reasonable

6

diligence.  See Bousley v. United States, 523 U.S. at 623-24.  The only new evidence offered in London's Petition is an affidavit signed by his sister, Lisa London Buchanan, on October 22, 2004.  See Ex. 6 to Petition.  In the affidavit, his sister discusses her conversations with the decedent on the night of the murder.  This evidence was certainly available to London prior to his statute of limitations deadline.  All other evidence offered in support of London's claim were exhibits to his habeas petition filed in the Virginia Supreme Court.  Consequently, London's claim of actual innocence is not based on any evidence that was not reasonably available to him prior to the expiration of the statute of limitations.

Equitable tolling under 28 U.S.C. § 2244(d) does not apply to toll the statutory period for filing London's federal habeas petition.  Therefore, this Court recommends denial of London's Petition as barred by the statute of limitations.

## III. <u>RECOMMENDATION</u>

For the foregoing reasons, the Court recommends that London's Petition for writ of habeas corpus be DENIED as barred by the statute of limitations, and the respondent's motion to dismiss should be GRANTED.

London's request for an evidentiary hearing is hereby DENIED.

London has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003).

## IV.  **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the  Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

/s/
_____
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia

May 27, 2005

8

## <u>CLERK'S MAILING CERTIFICATE</u>

A copy of the foregoing Report and Recommendation was mailed this date to the

following:

    David B. Hargett, Esq.
    Hargett & Watson PLC
    Seven South Adams Street
    Richmond, VA 23220-5601

    Donald E. Jeffrey, III, Esq.
    Office of the Attorney General
    900 East Main Street
    Richmond, VA 23219

            Elizabeth H. Paret, Clerk

       By _____
          Deputy Clerk

          May    , 2005